UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michelle N. Gehm,

       Plaintiff,

      v.                               Case No. 1:05cv804

APL Logistics Warehouse Management     Judge Michael R. Barrett
Services Inc. a/k/a APL Logistics, Inc.,

       Defendant.

---

## MEMORANDUM OPINION AND ORDER

---

This matter is before the Court upon Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a) (Doc. 5 and 19).  Plaintiff has filed a Response in Opposition (Doc. 10 and 20) and Defendant has filed a Reply (Doc. 12).  This matter is now ripe for review.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

This matter was filed in this District Court on December 8, 2005.  Plaintiff filed its first amended complaint on December 20, 2005.  Defendant answered and filed its first Motion to Transfer Venue on February 27, 2006 (Doc. 5).  Plaintiff filed a Second Amended Complaint on May 30, 3006.  Defendant again answered and filed its Second Motion to Transfer Venue on June 5, 2006 (Doc. 19).

## II.    ARGUMENTS OF THE PARTIES

The Defendant argues that this matter should have been brought in the United States District Court for the Western District of Kentucky as both the public interest factors and private interest factors strongly favor the Western District of Kentucky (Doc. 5).  The undisputed facts are that Plaintiff was a resident of Shepherdsville, Kentucky (in the Western District of Kentucky) when she was discharged (Doc. 5 and 10) from her employment with Defendant, that Plaintiff worked at Defendant's warehouse facility in or near Shepherdsville, Kentucky, and that Plaintiff was hospitalized and received medical treatment in the Western District of Kentucky (Doc. 5 and  10).  Defendant further argues that the decision to terminate Plaintiff was made in Shepherdsville, Kentucky, Plaintiff's personnel file is located is Shepherdsville, Kentucky and that all of the witnesses are located in or around the Western District of Kentucky.

Plaintiff argues that the Defendant is registered to do business in the State of Ohio and, in fact, conducts business in Ohio (Doc. 10).  Plaintiff was involved with the successful organizing effort that led to the International Chemical Workers Union Council ("Council") of the United Food and Commercial Workers becoming the exclusive bargaining agent at Defendant's warehouse facility where Plaintiff was employed (Doc. 10).   Due to this involvement, the Council, which is headquartered in Akron, Ohio, is providing representation to Plaintiff through its staff attorneys who are also located in Akron, Ohio.

## III.    ANALYSIS

The statute that governs this motion is 28 U.S.C. §1404(a) which states, in pertinent part,

2

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The Courts have found that the decision to transfer a civil case is in the sound discretion of the trial court. *Midwest Motor Supply Co. v. Kimball*, 761 F. Supp. 1316, 1381 (S.D. Ohio 1991).

The Court must first determine if, in fact, this matter could have been brought in the Western District of Kentucky. *Sky Technology Partners, LLC v. Midwest Research Inst.,* 125 F. Supp.2d 286, 291 (S.D. Ohio 2000). In reviewing the face of the complaint, the Court finds that this matter could have been brought in the Western District of Kentucky. Furthermore, the Plaintiff does not contest this fact (See Doc. 10, p5).

Next, the Court must balance the public interest factors and private interest factors to determine if a transfer would be appropriate. *Sky Technology Partners*, 125 F. Supp.2d at 291. The public interest factors that favor transferring a case include the docket congestion of the Courts, the burden a trial would have on the jurisdiction with no relation to the case, the value of having the trial in the community where the affected public live, and the familiarity of the court with the controlling law. *Id.* The private interests factors that favor transferring a case include the relative ease of access to the sources of proof, the availability of compulsory process for attendance of unwilling witnesses and all other practical problems that make the trial of a case easy, expeditious and inexpensive. *Id.* Additional factors to be considered when evaluating whether a transfer is appropriate under §1404(a) include "the nature of the suit; the place of the events involved; . . . and the residences of the parties." *Id. citing Midwest Motor Supply Co., Inc.*, 761 F. Supp. at 1318. The Court should also give considerable weight to the Plaintiff's choice of forum "and the

3

balance of convenience, considering all relevant factors, must be strongly in favor of a transfer before such transfer will be granted. *Artisan Development, Division of Kaiser Eatna v. Mountain States Development Corp.,* 502 F. Supp. 1312, 1314 (S.D. Ohio 1975).

First, addressing the specific public interest factors, the Court finds that the public interest factors do not weigh strongly for one venue versus the other. Without knowing the docket congestion of the Western District of Kentucky, this Court can only assume that it has a congested docket like that of the Southern District of Ohio. Additionally, both Courts are equally familiar with the controlling law as this case relates to a federal question. The remaining two factors, the burden a trial would have on the jurisdiction with no relation to the case and the value of having the trial in the community where the affected public live, does slightly favor a transfer to the Western District of Kentucky but as the Defendant does have a presence in Ohio those factors do not indicate a strong necessity to transfer this matter.

However, the specific private interest factors do strongly favor a transfer of venue to the Western District of Kentucky. This Court is mindful of the deference to be given to Plaintiff's choice of forum and is sympathetic to Plaintiff's counsel's desire for this matter to remain in this district so as to not have to proceed on a *pro hac vice* basis and hire local counsel in Kentucky; however, since Plaintiff herself is a resident of Shephardsville, Kentucky, worked for Defendant in Shephardsville, Kentucky, and saw physicians in Shephardsville and Elizabethtown, Kentucky, this Court finds a transfer to the Western District of Kentucky will not be an inconvenience to the Plaintiff, although admittedly it may

4

be one for Plaintiff's counsel.[1]  In addition, every witness that would need to be called to a trial in this matter is from the Western District of Kentucky.  The Court may feel differently about this matter if the Western District was located "across the river" from the Southern District of Ohio.  However, there is approximately 100 miles between the two courthouses and approximately 120 miles between Shepardsville, Kentucky and the Southern District of Ohio, compared to 20 miles between Shepardsville, Kentucky and the Western District of Kentucky.

The Plaintiff asserts that the "availability of compulsory process for unwilling witness" is not a factor of importance as Plaintiff believes that the Court's subpoena power will not be necessary as the witness are employees of Defendant and are thus, under the control of Defendant.  The Court, however, refuses to limit Defendant in that regard.  The Civil Rules are clear.  A court shall quash or modify a suboena if it "requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides."  *Fed.R.Civ.P. 45 (c)(3)(A)(ii)*.  As previously stated, since Shepardsville is 120 miles from Cincinnati, the chances of many of the witnesses being more than 100 miles away from this Court is fairly great.

In addition, the travel expenses, including mileage and hotel stays, for the parties in this case, including covering those expenses for the witnesses, would be greatly increased if this matter remains in the Southern District of Ohio.

Based on the foregoing, Defendant's Motion for to Transfer Venue (Doc. 5) is hereby **MOOT** and Defendant's Motion to Transfer Venue (Doc. 19) is hereby **GRANTED**.

---

[1]This inconvenience will be minimal as Plaintiff's counsel will have to travel from Akron in any event.

5

It is hereby ordered that this matter be transfer from the docket of this Court to the United States District Court for the Western District of Kentucky.

**IT IS SO ORDERED.**

                                         /s/ Michael R. Barrett_____

_____ Michael R. Barrett, Judge

                                         United States District Court